# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

| | |
|---|---|
| **JASON PRICE WEAVER,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**BART MASTERS, Warden,** )<br>)<br>**Respondent.** ) | **Civil Action No. 1:14-027510** |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 7.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a Section 2255 Motion and transferred to the United States District Court for the Southern District of Florida.

## FACT AND PROCEDURE

**A.** **Criminal Action No. 9:06-cr-80092:**

On March 2, 2007, Petitioner was convicted in the Southern District of Florida of being a

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 18 U.S.C. § 924(e) (Count One). United States v. Weaver, Case No. 9:06-cr-80092 (S.D.Fl. July 11, 2007), Document No. 44. On July 11, 2007, the District Court sentenced Petitioner to a term of 180-months of imprisonment, to be followed by a five-year term of supervised release. Id., Document No. 50. Petitioner did not file an appeal with the Eleventh Circuit Court of Appeals.

**B.     Instant Section 2241 Petition:**

On November 3, 2014, Petitioner filed his instant Section 2241 Petition and Memorandum in Support. (Civil Action No. 1:14-27510, Document Nos. 1 and 2.) In his Petition, Petitioner alleges that his "prior offenses do not qualify as 'violent felonies' for the ACCA enhancement." (Id.) Specifically, Petitioner explains that his two prior convictions for burglary do not qualify as "violent felonies." (Id.) Thus, Petitioner contends that he "does not have the three necessary predicate convictions (either 'violent felonies' or 'serious drug offenses') to qualify him as an armed career criminal." (Id.) Accordingly, Petitioner requests that this Court resentence him "without the Armed Career Criminal enhancement." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is

2

a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Southern District of Florida. Specifically, Petitioner contends that he is actually innocent of being an armed career offender. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of Florida. A Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner. Thus, Petitioner's instant Application should be construed as a Section 2255 Motion and transferred to the Southern District of Florida because Petitioner has not yet proceeded under Section 2255 in the sentencing Court.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the

4

inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to

Section 2241. First, Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *conviction*. Citing Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), Petitioner argues that his prior burglary convictions no longer qualify as "violent felonies" for the purposes of enhancing his sentence. The undersigned finds that Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(unpublished)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Darden v. Stephens, 426 Fed.Appx. 173 (4th Cir. 2011)(finding that Petitioner could not challenge his *sentence* based upon *Chambers* under a Section 2241 Petition); McCode v. Ziegler, 2015 WL 362657 (S.D.W.Va. Jan. 27, 2015)(District Judge Berger)(petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255.

Second, the undersigned finds that Section 2255 is adequate and effective for Petitioner to challenge the validity of his sentence. Petitioner's Section 2255 Motion should be considered timely based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016). In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016).

Based on the foregoing, the undersigned proposes that the District Court **FIND** the following: (1) Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition is inappropriate; and (2) Petitioner must seek relief from the sentencing court pursuant to Section 2255. The undersigned further proposes that the District Court **CONSTRUE** Petitioner's Section 2241 Petition as a Section 2255 Motion and **TRANSFER** the Section 2255 Motion to the Southern District of Florida.

## NOTICE TO PETITIONER

Petitioner is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction

becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;** or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(emphasis added). Petitioner is further **NOTIFIED** that the one-year statute of limitations period under 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expires on **June 26, 2016**. Thus, the Petitioner must act quickly to make the appropriate filings in order to have his Johnson-related claims considered.

Petitioner is further hereby **NOTIFIED** that Section 2255 also limits a Petitioner's ability to file a second or successive Section 2255 motion. Petitioner is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[1] See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999)("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).[2] To

---

[1] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2] Title 28, Section 2244(b)(3) provides as follows:

> (A) Before a second or successive application permitted by this section is

obtain certification from the Court of Appeals, Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Accordingly, Petitioner should inform the Court in writing within the period for filing Objections to this Proposed Findings and Recommendation, if he does not wish to have his Section 2241 Petition re-characterized as a Motion under Section 2255. Should Petitioner not file Objections to this Proposed Findings and Recommendation, the Court will consider his Section 2241 Petition as a Motion filed under Section 2255 and transfer it to the Southern District of Florida. If Petitioner agrees that his Section 2241 Petition shall be considered under Section 2255, Petitioner may further amend his Section 2255 Motion to the extent permitted by law. See United

---

filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). Should Petitioner not agree with the Court that his Section 2241 Petition should be re-characterized as a Section 2255 Motion, the undersigned recommends that his Section 2241 Petition be dismissed.

**Finally, Petitioner is NOTIFIED that if he intends to file a Johnson claim, he MUST do so before JUNE 26, 2016. Petitioner is NOTIFIED that nothing in this Proposed Finding and Recommendation, or any Objections thereto, will change or extend this deadline. Petitioner MUST file a Section 2255 Motion based on a Johnson claim with the Southern District of Florida before JUNE 26, 2016.**

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and **TRANSFER** it to the United States District Court for the Southern District of Florida.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the

date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 21, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge

11